Nov. Term, 1847.

HELMS
v.
SISK.

---

## HELMS *v.* SISK.

The declaration in a suit on a sealed note, brought by the assignee of the payee against the maker, need not aver that the defendant had had notice of the assignment.

And the amending of the declaration in such suit by inserting an averment of such notice, is no cause for a continuance.

A plea in such suit of payment to the payee should state that the payment was made before notice of the assignment.

*Semble,* that if a defendant refuse to join in a demurrer to his plea, judgment may be rendered against him as for want of a plea.

ERROR to the *Henry* Circuit Court.

*Monday,*
*November* 29

PERKINS, J.—This was an action of debt upon a sealed note brought by *Burgess Sisk,* assignee of *Bartly Burris,*

Nov. Term,
1847.

HELMS
v.
SISK.

against *James Helms*, the maker of the note. The declaration alleged that the note was assigned before it became due and before payment, but contained no averment of notice to the maker of the assignment. The defendant pleaded payment to *Burris*, the payee of the note, before the commencement of the suit. The plaintiff then amended his declaration by inserting the averment of notice to the maker, of the assignment of the note at the time the assignment was made; whereupon the defendant moved for a continuance of the cause on the ground that the amendment was material, but the Court overruled his motion, to which the defendant excepted. The plaintiff then demurred to the defendant's plea, the defendant refused to join in demurrer, and the Court thereupon rendered judgment against the defendant, as for want of a plea, for the amount of the note and interest.

The first error assigned is, that the Court erred in refusing a continuance. Whether they so erred or not depends upon the question of materiality in the amendment made; for it is only where such amendment is material that the opposite party is entitled, on account of it, to a continuance. R. S. 1843, p. 714, sect. 231.

We think the amendment immaterial, and that the continuance was rightly refused. It was certainly immaterial unless it added a substantial averment to the declaration. What, then, constitutes such an averment? In *Ewing et al.* v. *French*, 1 Blackf. 170, we find the following definition: "The substantial parts of a declaration are those things which are material in constituting the plaintiff's right to recover; the omission of which lies within the reach of a general demurrer." Test the amendment in this case by the foregoing rule. The declaration, before amendment, averred the making of the note, its assignment to the plaintiff, and that it was not paid. Would the defendant have risked a general demurrer to that declaration? Were not the facts that the note was outstanding, and in possession of the plaintiff by assignment, *prima facie* evidence that it was still due and payable to the holder? And if the note had not been paid, the want of the averment of notice of the assignment would not have enabled the defendant to defeat the action. Nor, had the note been paid at the time of the assignment, would the aver-

ment of notice have rendered it again payable. Whether the question of notice will arise at all or not even on the trial, in this class of cases, is entirely contingent.

Again, we think the averment not necessary in the declaration, because the matter of it is more properly the subject of a plea. Whether the party defendant has paid the note at all or not to the assignor, or whether he so paid it before notice, or whether he has in fact had notice, are matters more peculiarly within his own knowledge; for as to the fact of notice even, we do not think it necessary that it should be given by the assignee: the assignor might surely give a binding notice to the maker, of the fact that he had assigned the note. Again, we think, upon the statute, payment before notice is to be shown by the defendant. Had the note in this case been governed by the lex mercatoria, the defendant could not have set up payment to the assignor, even without notice. Our statute places notes like that here sued on, on the footing of commercial paper, so far as relates to their assignability and suability by the assignee, but contains a proviso that the defendant shall be entitled to defences that accrued before notice of the assignment. Now, it is for the defendant to show his defence. The plaintiff will not presume he has one; and if he wishes to avoid, under the proviso in the statute, the plaintiff's prima facie valid claim upon him, we think he must show a compliance with all the conditions required by that proviso to bring himself within it. He must aver in his plea that the defence he sets up, unless it naturally spring out of the note transaction and not collaterally, arose before notice of the assignment.

It is next alleged that the Court erred in rendering judgment, as for want of a plea, on the refusal of the defendant to join in demurrer. It is said the plaintiff should have added the joinder, and submitted the question of law raised by the demurrer to the Court. From the remarks that have preceded, it will be seen that this question of practice is not material in this decision, as the plea was substantially bad, and the decision of the Court, therefore, such as it should have been, had the issue of law been formally presented. The decision, however, of the Court below upon this point, seems to

have been in accordance with the *English* practice.    3 Chitt. G. P. 755 to 757.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Newman*, for the plaintiff.

*J. B. Julian*, for the defendant.