Nov. Term,<br>1860.<br><br>Nill<br>v.<br>Comparet.

---

## Nill and Another v. Comparet.

Suit upon a promissory note against *A.* and *B.*  *A.* answered that he was surety for *B.* on said note, and that before the commencement of the suit, *B.* had fully *discharged* and *satisfied* the same.  *B.* answered that *C.*, the payee of the note, and plaintiff's assignor, was treasurer of the city of *Fort Wayne*; that defendant, as his successor in said office, receipted to him for a certain sum of money belonging to said city, and became chargeable therewith; that after the giving of said receipt, *C.* had withdrawn a portion of said money from the bank in which it was deposited, and that before and at the time of making said note, it was agreed that whatever sum *C.* had not accounted for in such settlement, should go in discharge of said note.  Prayer, that the amount so withdrawn by *C.*, might be recouped from the note.

*Held*, that the answer of the surety, that the note had been discharged and satisfied, was not equivalent to a plea of payment, and was bad as averring a conclusion of law.

*Held*, also, that a plea of payment, or of accord and satisfaction, must show to whom payment or satisfaction was made.

*Held*, also, that a cotemporaneous verbal agreement can not be admitted to vary the terms, or legal effect, of a written agreement.

*Held*, also, that if *B.* never received the money from his predecessor in office, he was not liable to the city for it, and not having paid it to the city for the use, and at the request, of *C.*, he could not recoup the amount against his note.

APPEAL from the *Allen* Common Pleas.

*Saturday,*<br>*December 8.*

Worden, J.—*Comparet* sued *Nill* and *Miller* upon a promissory note made by the defendants to one *Thomas. Meegan*, and by the latter indorsed to the plaintiff.

*Miller* pleaded that "he merely signed the note as the surety of said *Nill*, and for no other consideration, and that said *Nill* fully discharged and satisfied the said note before the commencement of this action."

*Nill* pleaded as follows : " And for further answer the said *Nill* says, that he is the principal, and said *Miller* is the surety, in the said note, and that the said *Meegan* was the treasurer of the city of *Fort Wayne* for the year 1856, and *Nill* was elected to said office in 1857, and qualified, and entered upon the duties thereof in the spring of said year. That said *Meegan*, on the surrender of the said trust to his said successor, represented that he had, as such treasurer, funds in his hands belonging to said city, which he had to pay over to his said successor, to the amount of seven hundred and —— dollars, deposited in *Hamilton's Bank*, which *Nill* receipted for to said *Meegan*, and the deposit book was the evidence of the deposit. But after the footing in the said book had been made, and *Nill* had receipted to *Meegan* for the same, *Nill* discovered that *Meegan* had, between the time of the said footing and the said settlement, drawn from said deposit the sum of three hundred and twenty-five dollars; that the said *Meegan* has never accounted for the said sum or any part of it, and the same is now due and owing said *Nill*, from the said *Meegan*, as he, the said *Nill*, stands charged with the same to said city, on said settlement. · That before and at the time of the making of said note, it was agreed, by and between the said *Nill* and *Meegan*, that whatever sum the said *Meegan* had not accounted for to said *Nill*, on said settlement, should, when ascertained, go in discharge of said note. That the said *Nill* prays that the said sum may be recouped from the said note, and other relief."

A demurrer was sustained to these pleas, and final judgment rendered for the plaintiff.

The only point raised in this Court, relates to the ruling in sustaining the demurrer. The allegation in the plea of *Miller*, that he signed the note merely as the surety of *Nill*, amounts to nothing. The allegation that *Nill* fully discharged and satisfied the note before the commencement of the action, is the substance of the plea. The averment that the note was

"discharged" and "satisfied" does not seem to be equivalent to an averment of payment. The plea would seem to be bad as averring a conclusion of law, instead of setting out the facts from which it was concluded that the note was discharged and satisfied. How, or in what manner, the note was discharged and satisfied, does not appear.

But regarding the plea as equivalent to a plea of payment, it is still fatally defective. To be valid as such, or as a plea of accord and satisfaction, it should have shown to whom the payment, or satisfaction, was made; and if to *Meegan*, the payee, it should have averred that the payment, or satisfaction, was made before notice of the indorsement of the note to the plaintiff. *Helms* v. *Sisk*, 8 Blackf. 503.

The answer of *Nill* presents more difficulty, but still we are of opinion that the demurrer to it was correctly sustained. The allegation in this plea, that "before and at the time of the making of the note, it was agreed by and between *Nill* and *Meegan*, that whatever sum the said *Meegan* had not accounted for to said *Nill*, on said settlement, should, when ascertained, go in discharge of said note," does not aid the other facts alleged in the plea, and may be regarded as stricken out. The note was for the unconditional payment of a sum of money, and a cotemporaneous verbal agreement can not be admitted to vary the terms or legal effect thereof. *Tucker* v. *Talbott et al.*, at the present term, and authorities there cited. If the facts alleged show that *Nill* paid money for the use and at the request of *Meegan*, before notice of the assignment of the note, which would authorize *Nill* to maintain an action against *Meegan* for the money thus paid, then it may be set off in this suit against the note. But it does not appear that *Nill* has thus paid any money. It is alleged, to be sure, that he receipted for it to *Meegan* upon entering upon the duties of the office of treasurer of the city of *Fort Wayne*, as *Meegan's* successor; and it is also alleged that *Nill* stands charged with it to the city, on settlement. The receipt given by *Nill* to *Meegan* is not conclusive, and if *Nill* never received the money from *Meegan*, that fact might be shown against the receipt. The fact that *Nill* stands charged with the money to the city, is not equivalent to payment by him to

Nov. Term, 1860.

NILL
v.
COMPARET.

Nov. Term, 1860.

the city. Now, it seems to us that the city of *Fort Wayne* has a claim either against *Meegan*, or *Nill*, for the money, but that she can not have a claim against both for it. If, in point of fact, *Meegan* never paid over this money to *Nill*, his successor, the claim of the city still exists against *Meegan*, and she can not look to *Nill* for money which never came into his hands. Now, suppose *Nill* should get the benefit of this money in the way of a set-off to the claim sued upon, whereby the holder of the note should fall back upon *Meegan ;* and suppose *Nill* should fail or refuse to pay the money to the city, the city may undoubtedly collect the money of *Meegan*, if he has never, as is alleged, paid it to his successor, whereby *Meegan* might be compelled to pay the money twice. But if *Nill* had paid the money to the city, she, of course, would have no claim against either, as she would then have her money; hence appears the necessity of an actual payment by *Nill* of the money to the city, before he can set up the claim against *Meegan* as a set-off to the note sued on.

*Withers* and *Morris*, for appellee.