## No. 8105.

## CRANOR ET UX. *v.* WINTERS, EXECUTOR.

HUSBAND AND WIFE.—*Partnership of Wife in Business with Another.—Pleading.—Complaint. — Answer.—Demurrer.*—In an action (accruing before 1879), by a married woman and her husband, against the executor of her deceased partner in business, for the value of a life insurance policy assigned to her by the deceased for his board and her attention to their partnership business in his absence, an answer, that plaintiff, at the time the partnership agreement was made, was and ever since had been a married woman, the wife of her co-plaintiff, living with him as his wife, constitutes no defence.

SAME.—*Coverture no Defence.—Wife's Earnings.*—The earnings of the wife during the marriage belong to her husband, and, in the absence of an averment that he gave them to his wife, or that she was carrying on business with her separate property, he had a right to bring suit therefor, making the wife a co-plaintiff, as the meritorious cause of action. To such an action the coverture of the wife is no defence.

SAME.—*Set-Off.—Former Adjudication.—Answer of Discharge and Satisfaction.—Former Credit of Demand.*—In such action, an answer of coverture and that the partnership business had been settled, that the wife bought the interest of her partner, the testator giving in part payment a note of her husband and another; and that in a suit on the note the husband pleaded as a set-off the identical services, boarding and claim

Cranor *et ux. v.* Winters, Executor.

mentioned in the complaint, and was allowed and received a credit therefor on his note, in full discharge and satisfaction of the demand sued on, contains a good defence.

SAME.—*Plea of Payment.*—In such action, an answer that "the claim set up in the plaintiffs' complaint had been fully paid before the commencement of this suit," was a good defence.

PLEADING.—*Plea of Payment.*—A plea of payment need not allege the amount paid, nor the date of payment, nor the person to whom the payment was made.

From the Grant Circuit Court.

*A. Steele* and *R. T. St. John*, for appellants.

*J. M. Haynes*, for appellee.

BICKNELL, C. C.—This was an action by the appellants against the appellee, on a contract between the said Alice Cranor and Andrew W. Rush.

The complaint avers that Alice Cranor and Andrew W. Rush agreed to be partners in the millinery business, and that in consideration of Alice attending to the business in the absence of Rush, and furnishing him with board when present, he would assign to her a policy of insurance on his life for seventeen hundred dollars ; that he did assign to her the policy of insurance, but afterward, without her knowledge or consent, caused the same to be transferred to certain trustees ; that Alice performed her part of the agreement ; that Rush made a will and died ; that the will contained no provision for the benefit of Alice ; that the appellee is the executor of Rush, and has received from the insurance company seventeen hundred dollars, the value of said insurance policy, and has refused to pay the same, or any of it, "to the plaintiff."

The conclusion of the complaint is : "Wherefore the plaintiff prays judgment for the value of said Life Insurance No. —, in the Railway Employees' Mutual Benefit Association of the West, or the sum of two thousand dollars, against the estate of said Rush, of which Joseph P. Winters is executor, and for all other proper relief."

It appeared upon the complaint that all the facts stated therein occurred before the year 1879. A demurrer to this complaint was overruled, but no question as to that arises here. It will be observed that the complaint makes no averment as to the value of the services rendered and board furnished by Mrs. Cranor; it is a single count upon the contract, asking compensation for the breach, and claiming the value of the policy as the compensation fixed in the contract. There is no paragraph for work and labor or for provisions furnished in the way of board.

The appellee answered in seven paragraphs. The appellants demurred to each of the second, sixth and seventh paragraphs, alleging that none of them contained facts sufficient to constitute a defence. The court overruled all of these demurrers; and, the appellants declining to plead further, final judgment was rendered for the appellee.

The errors assigned are, that the court erred in overruling each of said demurrers. The second paragraph of the answer avers that, at the time said partnership agreement was made, the said Alice Cranor was and ever since has been a married woman, the wife of the said Andrew J. Cranor, living with him as his wife. It is not averred in the complaint that Mrs. Cranor was carrying on the business with her separate property; the averment is that Rush agreed to pay Mrs. Cranor for her services, etc. The earnings of the wife during the marriage belong to her husband; it is not averred that the husband gave the earnings in this case to the wife; he had a right to bring suit therefor, making the wife a co-plaintiff, as the meritorious cause of action; to such an action the coverture of the wife is no defence. The court below erred in overruling the demurrer to the second paragraph of the answer.

The sixth paragraph of the answer alleges the coverture of the said Alice, and avers that the partnership was dissolved and its affairs fully settled; that said Alice bought

the interest of Rush in said partnership, and in part payment therefor gave him a note payable to him, and made by her husband and another for five hundred dollars; that Rush died possessed of said note, and that appellee, as executor of Rush, brought suit upon it against the makers; that in such suit, the defendant, "Andrew J. Cranor, pleaded as a set-off against said note the services rendered by his wife to the said Andrew W. Rush, deceased, and the boarding furnished said decedent by his said wife, said services and boarding being the same identical services and boarding referred to in the plaintiffs' complaint as having been furnished by said Alice L. Cranor to said Andrew W. Rush, deceased, and the said Andrew J. Cranor pleaded as a defence to said note, the identical claim named and set forth in plaintiffs' complaint herein, and afterward the defendant and said Andrew J. Cranor compromised said suit, and this defendant allowed to said Andrew J. Cranor, as a credit on said note, the sum of $300 on account of the same identical services rendered by the plaintiff Alice L. Cranor to said Andrew W. Rush in attending to said millinery store, and the same identical boarding furnished by said plaintiff Alice to said decedent, Rush, as set forth in the plaintiffs' complaint, and the same identical claim set forth in the plaintiffs' complaint herein, for which service and boarding the said Andrew J. Cranor, husband of said Alice, demanded payment from this defendant, and that said Andrew J. Cranor, husband of the said Alice, received said credit on his said note in full discharge and satisfaction of his claim for said services and boarding set forth in plaintiffs' complaint, and in full discharge and satisfaction of the claim set forth in plaintiffs' complaint herein."

This paragraph of the answer contains a good defence. If Mrs. Cranor rendered any services or furnished any boarding to Rush, her earnings in those respects, in the absence of any statements to the contrary, belonged to her

husband, and when he was sued by Rush's executor upon his note, and received in that suit $300 in full for such earnings, that was a good bar to any subsequent action by him, or by him and his wife, therefor. There was no error in overruling the demurrer to the sixth defence.

The seventh paragraph of the answer avers that "the claim set up in the plaintiffs' complaint has been fully paid before the commencement of this suit." This was a good defence. *Demuth* v. *Daggy*, 26 Ind. 341.

It was held in *Nill* v. *Comparet*, 15 Ind. 243, that a plea of payment is bad on demurrer, unless it shows to whom the payment was made, but that decision was not adhered to. A plea of payment need not allege the amount paid, nor the date of payment, nor the person to whom the payment was made. *Demuth* v. *Daggy*, *supra*. There was no error in overruling the demurrer to the seventh paragraph of the answer; but the judgment of the court below ought to be reversed for the error of the court in overruling the demurrer to the second paragraph of the answer, and the cause ought to be remanded, with instructions to the court below to sustain the demurrer to the second paragraph of the answer, and for further proceedings.

PER CURIAM.—It is, therefore, ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things reversed, and this cause is remanded, with instructions to the court below to sustain the demurrer to the second paragraph of the answer, and for further proceedings.