FRANCIS G. KEENS, ELLA J. KEENS, WILLIAM J. NEELEY, AND REBECCA S. NEELEY, PLAINTIFFS IN ERROR, V. WILLIAM GASLIN, JR., DEFENDANT IN ERROR.

1. **Pleading:** INCONSISTENT COUNTS: MOTION TO STRIKE. Where an amended petition is filed, the second and third counts of which are in conflict with the first, the proper motion is to strike out the inconsistent matter, or require the plaintiff to elect upon which cause of action he will proceed.

2. ———: CHARACTER OF ACTION DETERMINED BY PRAYER. In cases of doubt, where the pleader has stated a cause of action in equity, and also one at law, in such a manner as to leave it uncertain which one he intended to pursue, resort may be had to the prayer for relief to determine the character of the action.

3. ———: MISJOINDER. Where a cause of action in equity is set forth in a petition—as to remove a cloud from the title of real estate—and in the second count facts to show the plaintiff's right to an action of ejectment are pleaded, both being for the same tract of land, a demurrer on the ground of misjoinder will not lie.

4. **Parties.** In an action brought by the person holding the legal title to real estate, to remove a cloud therefrom and quiet the title, all persons having an adverse interest may be made defendants.

ERROR to the district court for Buffalo county. Tried below before MORRIS, J.

*Calkins & Pratt,* for plaintiffs in error, cited: 2 Wait's

Practice, 364c. Pomeroy's Eq. Juris., Sec. 395. *Gregory v. Lancaster County Bank*, 16 Neb., 411.

*John M. Stewart*, for defendant in error, cited : Pomeroy, Sec. 435. Bliss on Code Pleading, Sec. 132. Boone Code Pleading, Sec. 53. Maxwell's Pleading (1885), 57. *Cropsey v. Wiggenhorn*, 3 Neb., 115. *Wilcox v. Saunders*, 4 Neb., 586. *Mining Co. v. Clarkin*, 14 Cal., 548. *N. Y. Ice Co. v. N. W. Ins. Co.*, 23 N. Y., 357. *Bradley v. Aldrich*, 40 N. Y., 504. *Guernsey v. Ins. Co.*, 17 Minn., 104. *Dupont v. Davis*, 35 Wis., 631. *Edwards v. Rainier*, 17 O. St., 597.

MAXWELL, J.

In 1882, one John S. Lemon brought an action in the district court of Buffalo county against the plaintiffs in error, to remove a cloud upon certain real estate described in the petition, which he alleged was owned by him. Various transfers of the property took place pending the litigation, and in 1884 the defendant in error became possessed of said land, and on application to the district court was substituted as plaintiff, and on leave filed an amended petition, as follows:

"That the said John S. Lemon was, on the 1st day of January, 1877, owner in fee simple of the following described premises situated in the county of Buffalo, state of Nebraska, to-wit: The west ½ south-west ¼ of section 20, township 10 north, of range 15 west; that said plaintiff, William Gaslin, Jr., since the commencement of this case, obtained title in fee simple to said premises by deed, duly executed, acknowledged, and delivered, and by leave of court was duly made plaintiff in this case, and is now the owner in fee simple of said land, and the real party in interest in this case, and has been since his substitution for said Lemon. In the year 1877, at the time provided by

law, the board of county commissioners in said Buffalo
county, among other taxes for that year and without
authority of law, levied a tax known as 'sinking fund,'
levied as a sinking fund for the payment of part of the
principal and interest on all outstanding and floating debts
of the county excepting the bonded debts of said county;
contrary to law said pretended sinking fund tax was duly
carried upon the tax list for that year, and on the 6th day
of November, A.D. 1878, said pretended tax stood unlaw-
fully charged against the property above described in the
sum of $1, and on the said 6th day of November, A.D.
1878, the treasurer of said Buffalo county, without author-
ity of law, sold said premises for said illegal tax, together
with other taxes legally chargeable against the same,
amounting in all to the sum of $10.42, to Francis G.
Keens, defendant. Subsequent taxes have been paid on
said premises by said Francis G. Keens, as follows:

1878·..................................................................$6.36
1879 ...............................................................4.00
1880 ...... .......................................................5.00

Interest on $9.42 of 1877 tax, and on subsequent taxes
to the commencement of this action, is the sum of $7.38,
making in all paid by said Keens, with interest at the rate
of 12 per cent, of the sum of $32.16. On the 15th day
of November, A.D. 1881, the plaintiff tendered to said
Francis G. Keens the amount paid by him in purchasing
said lands and subsequent taxes, with 12 per cent interest
thereon, which he refused, and the plaintiff now offers to
pay the taxes justly (due) against said land, with interest
at 12 per cent per annum. Afterwards, and on the 22d
day of November, 1880, the treasurer of said county issued
to Francis G. Keens a tax deed for said land under said
pretended sale, and on the 22d day of November, A.D.
1880, said tax deed was duly filed for record in the office
of the county clerk for Buffalo county, and was duly
recorded in book "K" of deeds of said county, on page

93, and still remains unsatisfied of record, and is a cloud upon the plaintiff's title.

"On the 1st day of July, 1881, the said Francis G. Keens and Ella J. Keens, his wife, conveyed by warranty deed said lands to William J. Neeley, which deed was thereafter duly filed for record in the county clerk's office for Buffalo county aforesaid, and still remains unsatisfied of record, and a cloud upon the plaintiff's title.

"On the 1st day of July, A.D. 1881, this said William J. Neeley and Rebecca S. Neeley, his wife, gave their mortgage deed of that date to said Francis G. Keens upon said land, which deed was thereafter duly filed for record and recorded in the county clerk's office for Buffalo county, and still remains of record unsatisfied, and a cloud upon the plaintiff's title.

"That on April 20, A.D. 1883, the said John S. Lemon sold and conveyed, by deed duly executed, delivered, and recorded in said Buffalo county record of deeds, the said premises described in said petition to late Samuel L. Savidge; that said Samuel L. Savidge deceased in said Buffalo county, November 30, 1883, whose interest and interests of whose estate and heirs were duly and legally sold to said Gaslin, on or about the 3d day of May, 1884, by administrators of said estate of said Savidge, to pay debt of said estate, and a deed of conveyance of said land executed and delivered to said Gaslin by administrator of said estate, which deed and all proceedings therein had were in due and legal form, and the said Gaslin is now the owner and has been since the 3d day of May, 1884, in fee simple, of said land, and the real and only party plaintiff in interest in this case. The plaintiff further shows to the court that said tax sale and assessment is irregular and illegal, for the reason that the whole 80 acres of land in this case described was offered and sold for the tax of year complained of, instead of offering and selling sufficient thereof to pay said tax, when in truth and fact

a small fraction and quantity would have sold for sufficient to pay said tax and all taxes thereon.

"Plaintiff further says that the said tax deed copy hereto annexed, noted 'Exhibit A,' is void on its face, and of no validity or legal form whatever, for the reason it is not stated therein said land was sold at the court-house or place of holding court, or at treasurer's office, where by law the taxes are payable; the execution of said said deed is not attested by the county clerk with county seal, nor is attested by the official seal of county treasurer, nor by any seal whatever. Said deed fails to show to whom the said land was sold, fails to show any consideration.

### "SECOND CAUSE OF ACTION.

"The plaintiff further complains, and their second cause of action says, that the said plaintiff, William Gaslin, Jr., has a legal estate in and is entitled to the possession of the said W. $\frac{1}{2}$ south-west $\frac{1}{4}$ section 20, township 10, range 15 west, Buffalo county, Nebraska, and said defendant, William J. Neeley, ever since the 1st day of January, 1882, has kept the said plaintiff and his grantors out of possession of the same.

### "THIRD CAUSE OF ACTION.

"The said defendant, William J. Neeley, while unlawfully in possession of said W. $\frac{1}{2}$ south-west $\frac{1}{4}$ section 20, township 10 N., range 15 west, Buffalo county, Nebraska, has received the rents and profits thereof from the 1st day of January, A.D. 1882, to the commencement of this action, amounting to the sum of $50, and has applied the same to his own use, to the plaintiff's damages in the sum of $50.

"Plaintiff therefore asks judgment, and first prays that said tax deed be set aside and declared null and void.

"2d.    That said warranty deed from said Francis G. Keens and Ella J. Keens, his wife, to said William J. Neeley be canceled and set aside.

"3d. That said mortgage deed from said William J. and Rebecca S. Neeley to said Keens be set aside, canceled, and held for naught.

"4th. That said William J. Neeley deliver up possession of said premises to said plaintiff. That said plaintiff have and recover of and from said Neeley said sum of $50, and for such other and further relief as law and equity entitles said plaintiff to."

The plaintiff in error, Keens, thereupon filed a motion to strike the petition from the files, because of the joinder of the second and third counts to the amended petition; this motion was overruled, and although there is no assignment in the petition in error upon that ground, yet in the plaintiff's brief it seems to be relied upon.

There was no error in overruling the motion to strike the petition from the files. The amended petition was in proper form, and filed by leave of court, and therefore not subject to be stricken from the files. The matter, however, contained in the second and third counts of the amended petition was clearly inconsistent with that stated in the first, and had a motion been filed to strike the second and third counts out of the petition, or require the plaintiff to elect on which he would proceed, it would no doubt have been sustained. The case is not one where relief in the alternative is sought, or, in fact, where it could have been granted.

2d. Upon the overruling of the motion, the plaintiffs in error, Keens and wife, demurred to the petition, upon the ground: 1st. That the second and third causes of action were improperly joined to the first cause. 2d. That the said causes do not affect all the parties to the action; and third and fourth, because the facts stated in the second and third counts of the petition were not sufficient.

Afterwards a demurrer was filed to the first cause of action to the petition.

It is stated in the judgment that William J. Neeley and

wife demurred to the petition.   We do not find the demurrer in the record, however.

On the hearing, the court overruled the demurrers, and the plaintiffs in error electing to stand on their demurrers, judgment was entered in favor of Gaslin.

It is insisted, on behalf of the plaintiffs in error, that there was a misjoinder of causes of action—that stated in the first count being equitable in its nature, while that stated in the second and also in the third being legal.   Even if the objections of the plaintiffs in error were correct, they would fail to show a misjoinder of causes of action.   That rule can be invoked only where causes of action of different natures or classes are joined, as a cause of action in tort and also upon contract.   Pomeroy on Remedial Rights, etc., Secs. 446, 448.   Maxw. Pl. and Pr., 4th Ed., 119.   The provision has no application to a statement of the same causes of action in two or more different forms. In such case there is but one cause of action, although different forms of relief are sought, and as the code does not permit a statement of a cause of action in two or more counts—except perhaps in cases proper to pray for alternative relief, such a petition is subject to motion to strike out or require the plaintiff to elect, but is not subject to demurrer on the grounds of misjoinder.   Where there are inconsistent allegations in a petition, by reason of which there is doubt as to whether the action is at law or in equity, resort may be had to the prayer.   We approve of the language of Chief Justice Dixon, in *Gillett v. Treganza*, 13 Wis., 472, 475, that, "Under our present system, the test by which we are to determine the character of actions in those cases where the facts stated indicate two or more actions, must be the relief demanded.   We may, at least, safely adopt this rule in cases of doubt, and in cases like the present, where the pleader, conceiving himself entitled to prosecute several actions, has so stated his facts as to leave it uncertain which he intended to pursue."

From the prayer of the petition, it will be seen that the principal relief sought is to remove the cloud from the title of the land of defendant in error. The first ground of the demurrer, therefore, is not well taken.

The second ground of demurrer, that the action does not affect all the parties to the suit, is unavailing. The object of the action is to free the title from the claims of the plaintiffs in error, and to quiet and confirm it in the defendant in error. This required that all parties claiming an interest in the land should be brought before the court, in order that their rights might be protected and a proper decree rendered in the case; and thus avoid a multiplicity of suits. *Flanders v. McClanahan,* 24 Iowa, 486. *N. Y. & N. H. R. R. Co. v. Schuyler,* 17 N. Y., 592. *Fisher v. Hepburn,* 48 N. Y., 41. *Johnson v. Robinson,* 20 Minn., 170. Maxw. Pl. and Pr. (4 Ed.), 623.

3d. As the demurrer admits for the purpose of this action all the facts stated in the petition, it is evident that the proper parties are before the court; that the defendant in error is the owner of the land in question, and was entitled to have the cloud cast upon his title by the claims of the plaintiffs in error removed upon such terms as are just and equitable; and as the decree conforms to these conditions, it is affirmed.

DECREE AFFIRMED.

THE other judges concur.