FOX, CANFIELD & COMPANY v. GEORGE GRAVES.

FILED JANUARY 21, 1896.   No. 5854.

1. **Pleading.**   Although the prayer for relief is a part of the petition, it is no portion of the statement of facts required to constitute a cause of action.   The entire omission of any demand for judgment would not subject the petition to general demurrer.

2. **Verdict:** PRACTICE.  A verdict must not exceed the sum prayed for in the petition.  If it does, objection on that ground should be raised in the motion for a new trial, or it will be deemed waived.

3. **Pleading:** COUNTS: PRACTICE.  Where a petition contains inconsistent counts, the proper motion is to strike out all but one, or require the plaintiff to elect upon which cause of action he will proceed to trial.

ERROR from the district court of Madison county.  Tried below before POWERS, J.

*Brome, Burnett & Jones,* for plaintiffs in error:

Where an uncertain and indefinite demand is based upon allegations of the petition, from which the amount of recovery sought cannot be definitely computed, the petition does not tender an issue, a cause of action is not stated, and such a pleading will not support a judgment. (*Carter v. Shotwell,* 42 Mo. App., 663; *Hinchley v. Pfister,* 53 N. W. Rep. [Wis.], 21; Bliss, Code Pleading [2d ed.], sec. 165.)

As to arbitration and award the following cases were cited: *Groat v. Pracht,* 31 Kan., 656; *Miller v. Brumbaugh,* 7 Kan., 352; *Bentley v. Davis,* 21 Neb., 685.

*Allen, Reed & Ellis, contra.*

NORVAL, J.

Defendant in error filed his petition in the district court alleging: "That Fox, Canfield & Co., on the 1st day of May, 1882, and at the times of the purchases and transactions hereinafter stated, was a partnership firm doing business in the state of Nebraska, in Stanton county and adjoining counties; that the sole individual members of said partnership were and are the defendants George Fox, S. S. Canfield, and H. C. Brome; that the defendants, as such partners, in the partnership name, on or about the months of

May, June, August, September, October, November, and December, of the year 1882, and about the month of November, 1883, bought of plaintiff, and had delivered to them by plaintiff, at their request, lumber, bridge and building material of the reasonable value of $1,501.38 which defendants agreed to pay on delivery, and on or about the 27th day of September, 1884, plaintiff paid freight for defendants, at their request, the sum of $132.50, no part of which has been paid except the sum of $1,026.92; that there is due plaintiff, and remaining unpaid upon said account, the sum of $606.92, principal, and $125.95, interest; that a copy of the account for said material sold and freight paid, with all credits thereon, are hereto attached, marked Exhibit A, and made part of this petition. Wherefore plaintiff demands judgment against defendants for the sum of $734.52, and with interest thereon from July 20, 1885, less amount of certain freight bills with costs.

"Count 2. Plaintiff, for further cause of action against the defendants, states that Fox, Canfield & Co. are a partnership firm carrying on business in Stanton county and adjoining counties in the state of Nebraska, composed of George Fox, S. S. Canfield, and H. C. Brome; that on or about the 1st day of July, 1885, the matters in controversy between plaintiff and defendants, being the amount set forth in Exhibit A, hereto attached, were, by agreement by plaintiff and defendants, referred to Knox Tipple and J. B. Walker as arbitrators, with authority in said arbitrators to consider, ascertain, and settle all matters of account between plaintiff and defendants, and to find the balance due upon such settlement; that on or about the 20th day of July, 1885, the said Knox Tipple and J. B. Walker, after full and thorough examination of matters referred to them as said arbitrators, found that there was due and owing from defendants to plaintiff the sum of $734.52, except the amount of certain freight bills not promised, which is now due and wholly unpaid; that the balance so found

due by said arbitrators was upon the account set forth in the first count hereof, and it was agreed between the plaintiff and defendants, at the time of the submission of said matters to said arbitrators, that their findings and award should be a final adjustment and complete settlement between the parties in that regard. Wherefore plaintiff demands judgment against the defendants for the sum of $734.52, and interest thereon from July 20, 1885, less amount of certain freight bills, with cost of suit."

A motion was filed to strike from the petition all of the first count as irrelevant and redundant, immaterial and prejudicial, which motion was denied by the court and an exception was taken to the ruling. Thereupon an answer was filed consisting of a general denial. There was a trial to a jury, with a verdict and judgment for the plaintiff below in the sum of $169.57. No bill of exceptions having been preserved in the case, but two assignments of error are relied upon for reversal, namely:

"1. The verdict and judgment are contrary to law.

"2. The court erred in overruling the motion to strike out the first count of the petition."

Under the first assignment it is argued that the petition fails to state a cause of action. The record fails to disclose the count under which the recovery was had, or whether under both or but one. Therefore, if either count contains sufficient facts to support the verdict and judgment, the first assignment is not well taken. It will be observed that the plaintiff below, for his first cause of action, alleges, in effect, that he sold and delivered to the defendants timber, bridge and building materials of the reasonable value of $1,501.38, payable on delivery; that plaintiff paid freight for defendants, at their request, the sum of $132.50, no part of which has been paid except $1,026.92, and that there remains due the plaintiff $606.92 debt, and $125.95 interest. These averments are sufficient to constitute a cause of action and to authorize a judgment in plaintiff's favor for

$732.91, which sum is several hundred dollars more than
the amount of the verdict and judgment. The objection
urged is not that the facts alleged in the petition, aside
from the prayer for judgment, are not well pleaded. The
contention is that the prayer for relief is so defective as to
render the petition insufficient as stating a cause of action.
It will be observed that judgment is asked "for the sum
of $734.52, with interest thereon from July 20, 1885, *less
amount of certain freight bills.*" It is insisted that this
prayer is insufficient to support the verdict, for the reason
no certain sum is demanded, or facts alleged from which
it can be computed. This contention is predicated upon
the italicized words above quoted. Probably if Exhibit
A, which was attached to and made a part of the origi-
nal petition, was not omitted from the transcript, what
was meant by the words referred to could be easily ascer-
tained. However that may be, the expression, "less
amount of certain freight bills," is not a material state-
ment, and may be disregarded as surplusage. If plaintiff
was indebted for freight paid by the defendants, they should
have pleaded it as a defense in their answer. The plaintiff
was not required to do so for them. While the prayer for
relief is a part of the petition, it is no portion of the state-
ment of facts required to constitute a cause of action. The
entire omission of any demand for judgment would not
subject the petition to a demurrer upon the ground that no
cause of action is set forth. (1 Kinkead, Code Pleading, sec.
66; *Culver v. Rodgers,* 33 O. St., 546; *Hiatt v. Parker,* 29
Kan., 765.) The cases cited by plaintiffs in error, at least
those we have been able to examine, do not conflict with
the rule just stated. The prayer, in the absence of a motion
to strike out the words italicized above, or to make more
specific, was, we think, sufficient to support the judgment.

Doubtless, a verdict must not exceed the sum prayed for
in the petition. If it does, the objection should be raised
in the motion for a new trial, as that the verdict exceeds

the amount demanded in the prayer. The defendants having failed to object to the verdict on that ground in the trial court, they must be considered to have waived the same.

By reference to the petition it will be noticed that the items constituting plaintiff's first cause of action were submitted to arbitrators chosen by the parties, and the arbitrators made an award, and the second count is predicated thereon. It is claimed that the first count of the petition should have been stricken out for the reason the original claim is merged in the award, and is thereby extinguished. This court has held that an award of arbitrators, unless impeached for. fraud or mistake, is a bar to an action on the original claim. (*Bentley v. Davis*, 21 Neb., 685.) To the same effect see *Groat v. Pracht*, 31 Kan., 658, and cases there cited. But it does not follow that there was error in denying the motion to strike. The plaintiff had a right to elect upon which count of the petition he would rely. The motion should have been in the alternative to strike from the petition the first count, or require him to elect as to the one upon which he would proceed to trial. (*Keens v. Gaslin*, 24 Neb., 310.) A motion may properly be overruled which cannot be allowed in substantially the same terms as requested. (*McDuffie v. Bentley*, 27 Neb., 380.) The judgment is

AFFIRMED.