JAPHTHA A. HUDELSON ET AL. V. FIRST NATIONAL BANK OF TOBIAS ET AL.

FILED OCTOBER 5, 1898.   No. 10100.

1. **Rulings on Motions:** REVIEW. It is not error to deny a motion which cannot be allowed substantially in the form in which it is presented.

2. ————: ————: PLEADINGS. It is not reversible error to overrule a motion to strike from the reply evidential facts which, if submitted to the jury, would tend to establish the ultimate facts alleged in the petition.

3. **Review of Instructions:** BILL OF EXCEPTIONS. Where instructions lay down correct legal propositions, possibly pertinent under the pleadings, it will be presumed, in the absence of a bill of exceptions, that such instructions were applicable to the evidence produced on the trial.

4. **Replevin:** AMENDMENT OF PLEADINGS. In an action of replevin in the district court the pleadings may be amended in furtherance of justice, as in other cases.

ERROR from the district court of Saline county. Tried below before HASTINGS, J. *Affirmed.*

*Hastings & Sands* and *Willard E. Stewart,* for plaintiffs in error.

*F. I. Foss* and *Bartlett, Baldrige & De Bord, contra.*

SULLIVAN, J.

As appears from a former opinion filed in this court (*Hudelson v. First Nat. Bank,* 51 Neb. 557), each of the plaintiffs obtained from H. C. Larsen & Co. a chattel mortgage covering the whole of the property here in controversy. These mortgages being co-ordinate liens, and the property being held adversely, the parties joined in an action to recover the possession thereof from the defendants. J. V. Ainsworth, describing himself as cashier of the First National Bank of Tobias, made and filed the affidavit on which the order of delivery was issued. In the district court, after the cause was remanded, the defendants moved to quash the writ for the reason, among others not necessary to notice, that no affidavit in replevin was ever filed by the K. S. Newcomb Lumber Company or Stanley Larsen, or by the agent or attorney of either of them. The motion was denied, and this ruling of the court is now assigned for error.

It is shown by the record that Ainsworth assumed to act for all the plaintiffs in procuring the order of delivery, and that they, by receiving the property from the coroner and executing the statutory bond, fully ratified his action in the premises; in other words, the record before us discloses the fact that the affidavit was filed by an agent of all the plaintiffs. Such being the case, there was no error in overruling the defendants' motion. It will be observed that an averment of agency in the affidavit is not one of the conditions upon which the clerk is authorized to issue the order of delivery in replevin. (Code of Civil Procedure, sec. 182.) But assuming the affidavit to be the exclusive evidence of Ainsworth's authority to make it, the motion to quash the

writ was nevertheless properly denied. The affidavit discloses the fact that it was made by the cashier of the bank, and that the bank was entitled to the immediate possession of all the property as against the defendants. Consequently the motion, addressed as it was to the writ as an entirety, could not be allowed. The court may, of course, in a proper case, grant a motion in part and deny it in part, but it is well settled by our own decisions that to refuse to do so is not error. (*Keens v. Gaslin*, 24 Neb. 310; *McDuffie v. Bentley*, 27 Neb. 380; *Fox v. Graves*, 46 Neb. 812.)

Complaint is made that the case was cast on one theory in the petition and on a different and inconsistent one in the reply. A motion to purge the latter pleading was overruled, and this action of the court is alleged as error. The ultimate facts are stated in the petition and the evidential facts in the reply. One of the material averments of the petition is that the mortgages executed by H. C. Larsen & Co. to the plaintiffs created a valid lien on the property in question; and the evidence pleaded in the reply, if submitted to the jury on the trial, would merely tend to establish the truth of that allegation. The record disclosing nothing to the contrary, we assume the trial proceeded in the same manner and that the order of proof was precisely the same as though the reply had been a general denial. While the motion may have been technically good, we fail to see how the defendants were prejudiced by the refusal of the court to sustain it.

Another assignment of error is that undue prominence was given by the court in its instructions to the testimony of H. C. Larsen. We have examined the instructions complained of and find that they lay down propositions of law about the correctness of which there can be no serious question. Whether the rules announced were applicable to the evidence produced we have no means of determining, as there is no bill of exceptions contained in the record. Upon this point it is sufficient to say that error does not affirmatively appear.

Counsel urge that the case be reversed and dismissed "Because neither the petition, nor affidavit originally filed, contained any statement or allegation that either of the notes, for the security of which the alleged mort- gages were given, was due, or any part of either of them unpaid, or any exigency of fact entitling plaintiffs in that court to immediate possession of the property mort- gaged." In the former opinion it was held that the peti- tion did not state a cause of action, and the judgment of the district court was reversed for that reason. The jurisdiction of the court in replevin does not depend upon the validity of the special proceeding by which the plaintiff obtains possession of the property by a writ issued at, or after, the commencement of the action. The cause may be instituted and pending without an order of delivery being issued; and it may proceed to trial and judgment without the property being delivered to the plaintiff. (Code of Civil Procedure, secs. 181-197.) This being so, the pleadings may unquestionably be amended in furtherance of justice, as in other cases. It was also held when the case was here before that the petition and affidavit taken together furnished a legal basis for the order of delivery, and that the proceeding, though irregu- lar, was not void. The district court, upon the cause being remanded, very properly allowed an amended peti- tion and affidavit to be filed. To these no objection has been made, and they seem to be in all respects sufficient to sustain the verdict rendered and the judgment pro- nounced.

AFFIRMED.