### JOHN DOBRY v. WESTERN MANUFACTURING COMPANY.

FILED JUNE 8, 1899. No. 8527.

1. **Ruling on Motion:** REVIEW. It is not error to deny a motion which cannot be allowed substantially in the form in which it is presented.

2. **Review:** REVERSAL: PREJUDICIAL ERROR. To warrant the reversal of a judgment it must affirmatively appear from the record that the ruling with respect to which error is alleged was prejudicial to the rights of the party complaining.

REHEARING of case reported in 57 Neb. 228. *Judgment below reaffirmed.*

*Henry Nunn,* for plaintiff in error.

*Frank J. Taylor* and *Frank H. Woods, contra.*

SULLIVAN, J.

This action, brought by the Western Manufacturing Company against John Dobry in the district court of Howard county, was aided by attachment. There was also filed an affidavit in garnishment, under section 207 of the Code of Civil Procedure. After service of the writ and notice the defendant moved to dissolve the attachment and dismiss the garnishee, because the affidavits upon which the ancillary proceedings were based had been taken by one of the attorneys representing the

plaintiff in the cause, and for the further reason that the facts alleged as grounds for the attachment were false. Before the motion to dissolve was submitted the court sustained an application for leave to cure the irregularity in the attachment affidavit. Thereupon both affidavits were sworn to before the clerk of the district court. Afterwards the defendant's motion was presented, considered, and overruled.

It is contended that the amendment of the affidavit in garnishment, being made without express authority, was ineffective and could not have been considered by the court in disposing of the motion. We do not concede the soundness of this position, but we will not stop now to refute it, as the ruling was clearly right and must be sustained in any view of the matter. That the defect in the attachment affidavit was cured by the second verification is admitted. The defendant's motion was directed against both affidavits. Its purpose was to obtain an order quashing both proceedings. It could not have been granted in the form in which it was presented, and consequently it was not reversible to overrule it as an entirety. This rule of practice is established by numerous decisions. (*Keens v. Gaslin*, 24 Neb. 310; *McDuffie v. Bentley*, 27 Neb. 380; *Fox v. Graves*, 46 Neb. 812; *Hudelson v. First Nat. Bank*, 56 Neb. 247, 76 N. W. Rep. 570.)

The allegations upon which the order of attachment was issued having been traversed, the plaintiff moved the court for permission to call A. U. Dann as a witness to testify in open court on the trial of the issue. On April 25, 1894, this motion was sustained and the defendant excepted. The ruling is here assigned for error. The hearing on the motion to discharge the attachment was had June 25, 1894. The evidence submitted at that time is not in the record, so we have no means of knowing whether Dann testified to any material fact. Indeed, it does not appear that he gave any testimony at all, or that he was even called as a witness. Certainly, under these circumstances, it cannot be said that the defendant

was prejudiced by the ruling of which he complains. The judgment will stand

AFFIRMED.

HARRISON, C. J., did not sit.