JEROME M. KEYS, APPELLEE, v. ROBERT O. FINK, COUNTY TREASURER, APPELLANT.

FILED APRIL 23, 1908. No. 15,158.

1. **Pleading.** It is not error to overrule a motion that ought not to be allowed substantially in the form in which it is presented.

2. ————: PAYMENT. A general allegation that a demand or obligation has been fully paid, without giving the date of payment, the amount paid, or the person to whom payment was made, is a statement of fact broad enough to permit the pleader to introduce evidence to prove that payment was actually made to the person entitled to the money and in an amount sufficient to satisfy the debt.

3. **Taxation:** PROOF OF PAYMENT. Proof of the payment of taxes may be made by production of the original receipt, or by any other evidence, oral or documentary, sufficient to satisfy the court or jury of the fact of payment.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*Albert S. Story* and *George A. Magney,* for appellant.

*George W. Cooper, contra.*

ROOT, C.

Plaintiff resided in Pawnee county from 1882 until the summer of 1890, when he moved to Omaha. In 1904 the

treasurer of Pawnee county sent to defendant, who is the treasurer of Douglas county, a distress warrant for the collection of plaintiff's personal taxes for 1886, 1887, 1888, 1889 and 1890. Plaintiff claimed the tax for 1890 was void, and that he had paid the taxes for the other years recited in the warrant, and instituted this action to enjoin the collection of said taxes. The district court found that the tax for 1890 was valid, and dismissed the petition as to said year, but that plaintiff had paid all other taxes assessed against him in Pawnee county, and enjoined defendant from collecting them. Defendant appeals.

1. Defendant first complains that the court overruled his motion to compel plaintiff to make his petition more specific, by stating "to whom said payments were made, and from whom said receipts were taken, also the time when paid and receipts taken." If defendant was not entitled to have the motion sustained *in toto* the court did not commit reversible error. *McDuffie v. Bentley,* 27 Neb. 380; *Hudelson v. First Nat. Bank,* 56 Neb. 247. We do not think the dates plaintiff paid the taxes are material; nor, had he alleged payment on specific dates, would the court have excluded evidence of payment on other days. The material fact was the payment, and not the date or dates when paid. *Demuth v. Daggy,* 26 Ind. 341; *Cranor v. Winters,* 75 Ind. 301; *Swett v. Southworth,* 125 Mass. 417; *Goss v. Calkins,* 164 Mass. 546. Nor would the dates of any receipts taken by plaintiff be material. Payment would liquidate the demand of the public, whether receipts were issued or not. Nor was it necessary to plead the name of the individual to whom payment was made. The public could only act through the instrumentality of officers and agents, and the burden would be upon the plaintiff to not only prove the payment of money, but also payment to some person authorized by law to receive the same. The name of the agent need not be stated in the pleading. *Lee v. Minneapolis & St. L. R. Co.,* 34 Minn. 225; *Todd v. Minneapolis & St. L. R. Co.,* 37 Minn. 358.

There remains only the allegation of the place of pay-
ment to be considered. Whether defendant, had he con-
fined his motion to this one point, would have been en-
titled to that information, we do not say, but, consider-
ing the motion altogether, it was not reversible error for
the court to rule as it did.

2. Defendant claims the evidence will not sustain the
finding of the trial court, and we must confess we are not
well satisfied with the record on this point. Plaintiff
testified his poll tax was worked out for all the years of
his residence in Pawnee county, and that he received re-
ceipts evidencing that fact; that he paid his personal
taxes for 1886, 1887, 1888 and 1889 to delinquent tax col-
lectors, but he is unable to give the names of the persons
to whom the money was paid, or to say whether they
were deputy treasurers or deputy sheriffs, nor can he
state the amounts paid by him. Plaintiff also testified
that the person who collected from him also collected de-
linquent taxes from other individuals. Plaintiff further
testified that he received receipts for the taxes paid; that
in 1894 he received notice from the county treasurer of
Pawnee county that he had not paid all his personal taxes
in that county, and that he answered said letter; that soon
thereafter a deputy county treasurer of Douglas county
came to him with a statement or notice about this tax;
that he then hunted up his tax receipts, and exhibited them
to said official, and satisfied that official, who then returned
the statement; that thereafter he moved some three times,
and that he and his family boarded some two years, dur-
ing which time his household effects were packed and
stored in a warehouse; that after the presentation of the
warrant issued in 1904 he and his wife made diligent
search, but were unable to find the receipts. Plaintiff is
corroborated by his wife as to the receipts and their loss,
but neither witness is able to state how many receipts
there were, or their form, or recitals, except that they
were tax receipts. On the other hand, the tax lists in
Pawnee county indicate that said taxes were not paid,

although they show that two distress warrants, including the one referred to in the petition, had been issued for the collection thereof. The first one issued was not exhibited on the trial, nor was any evidence given to apprise the court what, if any, return was made thereto. However, plaintiff and his wife seem to have been candid witnesses. The receipts having been lost, had the witnesses been so inclined, they could have testified to exact dates and amounts, so as to make their testimony more definite, and we are convinced they were honest and truthful in their statements. Again, the evidence is undisputed that Dr. Keys sold, not only his house, but the furniture therein, when he moved from Pawnee City, and that he remained in said city some months after said sale, closing up his business and making collections. If the county officials had been at all diligent, they could have levied on this personal property for the delinquent tax, and in all probability plaintiff could have produced much more satisfactory evidence then of his payment than he could or did 14 years thereafter.

We are well aware of the rule that the laches of tax collectors will not release the perpetual lien of unpaid taxes, nor will mistakes of public officials satisfy an unpaid general tax, but all the facts and circumstances shown by the record justified the trial court in considering the somewhat uncertain evidence in the record as proof of payment. It is well established that parol evidence will be received to show the payment of taxes. 2 Cooley, Taxation (3d ed.), p. 807; *Keesling v. Powell,* 149 Ind. 372; *Adams v. Beale,* 19 Ia. 61; *Hammond v. Hannin,* 21 Mich. 374; *McDonough v. Jefferson County,* 79 Tex. 535, 15 S. W. 490; *Richards v. Hatfield,* 40 Neb. 879.

We are satisfied defendant's assignments of error are without merit, and we therefore recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.