RICHARD H. BROAT vs. EDWIN B. MOOR, impleaded, etc.

November 14, 1890.

New Trial — Newly-Discovered Evidence.—To justify granting a new
trial for newly-discovered evidence, it must appear that the party was
ignorant of its existence at the time of the trial. It is not enough that
his counsel was ignorant of it.

Plaintiff brought this action in the district court for Hennepin
county, to determine defendants' adverse claim of title to a certain lot
in that part of Minneapolis which was formerly the city of St. An-
thony, through tax-sales, certificates and deeds.    The defendant
Moor answered, alleging title in himself under a tax-deed, (a copy of
which was annexed to the answer,) made and recorded June 17,
1864, upon a sale made June 7, 1864, under Sp. Laws 1864, c. 18,
for enforcing delinquent taxes in the city of St. Anthony.    The an-
swer also alleged that there had been no redemption, and pleaded the
limitation in that act prescribed, this action having been begun July
5, 1889.    There was no reply.    The action was tried by Hicks, J.,
who found that the plaintiff was grantee, through mesne convey-
ances, of the original patentee, and also found that taxes duly as-
sessed on the lot prior to 1864 remained delinquent April 1, 1864,
and the premises became forfeited under Sp. Laws 1864, c. 18, and
were duly listed and returned to the county auditor pursuant to that
act; that the taxes remaining unpaid and the land unredeemed on
the first Monday in May, 1864, the auditor duly advertised the lot
for sale pursuant to the act, and it was duly sold to defendant's
ancestor by the county treasurer on June 7, 1864, (the auditor act-
ing as clerk at the sale and keeping a record thereof,) in conformity
with the advertisement and the act, and the purchase-money was
duly paid, and a certificate issued; and that on June 17, 1864, on
production and return of the certificate, the auditor made the deed
to the purchaser, annexed to the complaint, which recites, among
other things, the above stated proceedings and the fact of no re-
demption having been made.    Upon the facts found the court held

defendant Moor to be owner in fee, and ordered judgment in his favor on the merits. The plaintiff thereupon moved for a new trial and for leave to reply to Moor's answer. The motion was made on a proposed reply, (which consisted of an averment that the city clerk did not return any taxes delinquent and unpaid against the premises, as required by the act of 1864, and that the non-delinquent taxes of 1863 were erroneously included in the amount for which the premises were sold,) and on the affidavits of plaintiff and his attorney. The affidavit of plaintiff merely stated the value of the property, ($1,500,) that he held the patent title, concluding in the usual form of an affidavit of merits in his defence against defendant's tax-title. The attorney's affidavit was to the effect that immediately after service of the answer upon him, he inquired of the county auditor for the records of the proceedings under the act of 1864, and was told by the auditor that there were no such records, but that he might examine for himself all the records in the auditor's vault, where all records earlier than 1874 are preserved; that he searched the vault for the record (describing a thorough search) "but found no paper, file, book, record, or any matter relating to such proceedings," and therefore concluded that no such record could be found, and that it would not be advisable to reply or to allege irregularities in the tax proceedings as a defence to the tax-deed; that since the trial his attention was called to the record and files in *St. Anthony Falls Water-Power Co.* v. *Greely,*—11 Minn. 225, (321,)—and he then first became apprised of the evidence of the defects in the proceedings prior to the deed as disclosed in that case; that he thereupon made a second search in a different part of the vault from that in which the tax records are kept, and found, among some old account-books, a book which is the same and the only record which was offered in evidence in the case in 11 Minn., and which contains the list returned by the city clerk and his return thereon, which show that the proceedings were void because the return was not of the taxes "unpaid and delinquent," and because non-delinquent taxes of 1863 were illegally included in the amount for which the lot was sold at the tax-sale. The motion was granted, and the defendant Moor appealed.

*Edward Savage*, for appellant.

*Howe Paige*, for respondent.

GILFILLAN, C. J.   A number of questions are made in this case, such as that the matter alleged in the answer in respect to the tax-deed is not new matter requiring a reply; that, after the trial and decision of a case, the court cannot allow new issues to be made other than those in the pleadings on which the case was tried, for the purpose of ordering a new trial for newly-discovered evidence; and that the affidavit of plaintiff's attorney did not show due diligence on his part to discover the evidence.   But we find it unnecessary to determine any of these points, for the reason that there was a fatal omission in the proofs on which the motion for a new trial was made. There was nothing to show that the plaintiff did not know at the time of the trial, and at the time of making the issues for trial, of the existence of the alleged newly-discovered evidence.   Certainly, if the plaintiff knew of it, the fact that his attorney did not is not enough to justify a new trial.   Hil. New Trials, p. 499, § 11; *State* v. *Carr*, 21 N. H. 166; *Baker* v. *Joseph*, 16 Cal. 173; *Arnold* v. *Skaggs*, 35 Cal. 684; *State* v. *McLaughlin*, 27 Mo. 111.   If it be left even doubtful that the party knew of the evidence, he will not succeed.   *Nininger* v. *Knox*, 8 Minn. 110, (140.)   A strict adherence to this rule is necessary to prevent imposition upon the court.   Usually an affidavit of the party that he did not know of the evidence, and showing that his ignorance was not due to want of diligence on his part, is required, although that may be dispensed with where it clearly appears otherwise that he did not know of and by due diligence could not have discovered the evidence.   It is, however, rarely safe to dispense with it.   There is nothing in this case to suggest ignorance on the part of plaintiff.   The nature of the case suggests the contrary. The complaint shows that when he commenced the action the plaintiff knew what defendant's claim of title was, and what the action was to assail.   It is fair to presume that before commencing it he had caused the tax-deed and the proceedings which resulted in it to be examined, and ascertained the facts, and by what evidence they could be proved.

Order reversed.