# GUISEPPE SAVINO v. GRIFFIN WHEEL COMPANY.[1]

July 14, 1911.

Nos. 17,191—(196).

**New trial — newly discovered evidence.**

The granting of a motion for a new trial on the ground of newly discovered evidence rests largely in the discretion of the trial judge, to be exercised cautiously and only in furtherance of substantial justice. The granting of a new trial in this case was within such discretionary power.

**Same — affidavit of lack of knowledge at time of trial.**

Upon such motion the rule requiring the personal affidavit of the moving party showing lack of knowledge on his part of the evidence at the time of trial is not inflexible. In this case the trial court was warranted in acting on the affidavit of the attorney, who had sole charge of the preparation of the case; the plaintiff suing as administrator, and it not appearing that he had any personal knowledge of the issues, relevant facts, or witnesses.

**Same — contradictory evidence.**

The fact that the proffered newly discovered evidence is somewhat at variance with the testimony of a witness produced by the plaintiff at the trial does not, of necessity, prevent the granting of such motion.

Action in the district court for Ramsey county by the administrator of the estate of Orlando Savino, deceased, to recover $5,000 for the death of his intestate. The case was tried before Bunn, J., who directed a verdict in favor of defendant.

Plaintiff moved for a new trial on the ground of newly discovered evidence. The affidavit of the attorney stated he did not know Coachiarello was an eye witness of the accident, until he heard the name in court; that he knew there was an Italian who witnessed the accident, but was told the man was in Italy and he could not get the address there; that he did not know the man had returned to this country, until the name was mentioned by another witness

[1] Reported in 132 N. W. 201.

upon the trial. From an order granting the motion for a new trial, defendant appealed. Affirmed.

*How, Butler & Mitchell,* for appellant.

*James E. Markham* and *Benjamin Calmenson,* for respondent.

SIMPSON, J.

An action by an administrator to recover damages resulting from the death of Orlando Savino, claimed to have been caused by the defendant's negligence. At the conclusion of the trial a verdict was directed in defendant's favor. Thereafter, upon the plaintiff's motion, supported by the affidavits of an attorney for plaintiff and of one Coachiarello, the proffered witness, the court granted a new trial on the ground of newly discovered evidence. The defendant appeals from the order granting a new trial, and claims that the order made was beyond the discretion of the trial judge, and urges in support of such claim that the showing made in support of the motion for a new trial was insufficient, because there was no affidavit by the plaintiff, the affidavit of the attorney does not show due diligence on his part, and the new witness was proffered to contradict testimony produced by the plaintiff on the trial, and by which he was bound. These points, and no others, are considered.

Undoubtedly an application for a new trial on the ground of newly discovered evidence should ordinarily be denied, unless accompanied by an affidavit of the party making the motion, showing that such party did not, at the time of the trial, know of the claimed newly discovered evidence. Broat v. Moor, 44 Minn. 468, 47 N. W. 55. The plaintiff here is an administrator. From his relation to the suit, the same knowledge of the issue and facts does not necessarily exist as in the case of a person suing in his individual capacity. The attorney making the affidavit states that he had sole charge of the preparation of the case. Under all the circumstances as shown, it became a question for the trial judge to determine whether the affidavit made showed sufficiently a lack of knowledge, at or prior to the time of the trial, on the part of the plaintiff and his attorneys, of the newly discovered evidence.

The affidavit of plaintiff's attorney shows diligence. As appears thereby, Coachiarello was known to have been working with the deceased just prior to the accident, but returned to Italy soon after the accident and before the bringing of the suit therefor in December, 1908. The place in Italy to which he returned was not ascertained by plaintiff's attorney upon reasonable inquiry. While it now appears that he returned to this country and was in a western state for some time prior to the time of trial, and that a month before the trial he came to St. Paul and spent some time in that city, no means are apparent by which the plaintiff's attorney, in the exercise of diligence, could have ascertained these facts.

Upon the trial the plaintiff introduced a witness who saw the deceased a short time prior to the accident, and saw him just at the moment he was caught by a descending elevator door and received the injuries which resulted in his death. This witness did not observe the movements of the deceased during a short interval just preceding the accident. By the affidavits introduced in support of the motion for a new trial, it appears that Coachiarello did see the deceased during this interval. In any event, the rule claimed by the defendant that the plaintiff should be bound by the testimony of the witness introduced would not be applicable in this case as presented. The plaintiff, suing as administrator, appears to have no direct knowledge as to the manner in which the deceased met his death. The plaintiff's attorney claims to have been misled as to some of the details of the testimony given by the witness produced. The plaintiff could have introduced further testimony, at the time of the trial, tending to show how the accident happened, and if such testimony showed liability on the part of the defendant, and was believed by the jury, a verdict might have been based thereon, notwithstanding the conflicting evidence of the prior witness. Such testimony may equally well be received on a new trial.

There was no abuse of the discretion of the trial judge in granting the motion for a new trial.

Order affirmed.

BUNN, J., took no part.