HAND v. LANGLAND.

1. **New Trial:** NEWLY DISCOVERED EVIDENCE: INSUFFICIENT SHOWING. The affidavit of defendant's attorney that if a new trial were granted a certain witness who was present and testified at the trial would testify to certain material facts, which the defendant did not know, until after the trial, that the witness would testify to, *held* insufficient to warrant the granting of a new trial on the ground of newly discovered evidence.

2. **Instructions:** ASSUMPTION OF FACT WITHOUT EVIDENCE. An instruction founded upon an assumption of fact of which there is no evidence should not be given to the jury.

3. **Practice in Supreme Court:** ERRORS NOT ASSIGNED NOT CONSIDERED.

*Appeal from Winneshiek Circuit Court.*

WEDNESDAY, OCTOBER 21.

THIS is an action at law by which the plaintiff seeks to recover certain personal property which the defendant, who is sheriff, seized on execution as the property of George Hand and Margaret Hand. The plaintiff claims that she was the absolute owner of the property when it was levied upon. The defendant alleges that the plaintiff's title to the property is void as to the execution creditors, because it was transferred by George Hand and Margaret Hand to the plaintiff to hin-

der and defraud the creditors of George and Margaret Hand, and that plaintiff knew of such fraudulent purchase. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*L. Bullis*, for appellant.

*Willett & Willett* and *J. B. Kaye*, for appellee.

ROTHROCK, J.—I. The defendant claims that the court should have ordered a new trial upon the ground of newly-discovered evidence. The affidavit relied upon to sustain this ground of the motion for a new trial was made by the defendant's attorney. It is stated in the affidavits that if a new trial should be granted, one Slater would testify to certain material facts. The affiant further states that the defendant did not know the witness would testify as claimed until after the trial. The witness was present at the trial, and was sworn and examined in behalf the defendant, and was so much interested in defendant's behalf that he sat by defendant's counsel at the trial as a prompter. His affidavit was not taken in support of the motion for a new trial, but defendant's attorney in his affidavit states that he *believes* the witness Slater will testify to the facts set forth if a new trial be granted. It will be observed from these statements that the affidavit was founded upon the merest hearsay. How the affiant could know that the defendant was ignorant of the newly-discovered evidence until after the trial, and how he could know that the witness would testify to any fact in addition to his testimony on the trial, is beyond our comprehension. If the motion had been supported by the affidavit of the witness, and some sufficient reason given why he did not disclose all of the facts on the trial, there might be some ground for entertaining the motion. The witness was a resident of the neighborhood, and his affidavit should have been taken in support of the motion. *Sully v. Kuehl*, 30 Iowa, 275.

II. The defendant requested the court to instruct the jury as follows: " If, from the evidence, you believe that *Margaret Hand or George Hand, or both,* conveyed all their tangible property, and that suits were pending or threatened at the time of such conveyance, this will warrant you in finding the same to have been fraudulently made by said Margaret Hand and George Hand; and if from the evidence you believe plaintiff had knowledge of *such fraudulent intent of said Margaret Hand* or George Hand, or had notice of such facts as would have put a man of ordinary prudence upon inquiry, and which, if made with ordinary diligence, would have led to the knowledge of the fraudulent purpose of such vendors, her title to the property will not be protected, notwithstanding she paid a sufficient consideration therefor." The court refused to give this instruction, and this ruling is assigned as error. The ruling of the court was correct. The instruction assumed that the jury might find that George Hand conveyed property to the plaintiff. There was no warrant for any such assumption. There was no evidence that George Hand conveyed anything to the plaintiff, and whatever fraudulent intent he may have had was wholly foreign to any legitimate question in the case.

2. INSTRUCTIONS: assumption of fact without evidence.

III. It is insisted that the court erred in the fourth paragraph of the charge to the jury. We cannot consider this objection because it is not assigned as error.

3. PRACTICE in supreme court: errors not assigned not considered.

IV. Lastly, it is urged that the verdict is not supported by the evidence. We think the circuit court correctly held that this objection ought not to be sustained.

AFFIRMED.