WILBUR F. BRYANT, APPELLANT, V. WILLIAM MOSHER ET AL., APPELLEES.

FILED JULY 11, 1914.    No. 17,790.

1. **Deeds:** PERSONAL COVENANTS: RIGHT OF ACTION. ''Where a covenant is broken at the time of the conveyance, it does not run with the land. The obligation is merely personal, and is limited to the parties to the covenant, and confers no right of action on subsequent purchasers of the estate.'' *Chapman v. Kimball,* 7 Neb. 399.

2. ———: ———: ———. A covenant in a deed that the grantors ''are lawfully seized of said premises, that they are free from incumbrances, that we have good right and lawful authority to sell the same,'' if untrue, is broken when made, and a right of action thereon at once accrues.

3. **Attorney and Client:** CONTINGENT FEE: RIGHT OF ACTION. Record examined, its substance set out in the opinion, and *held* not to present any theory entitling plaintiff to recover.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Wilbur F. Bryant, pro se.*

*Clarence ·B. Willey, contra.*

FAWCETT, J.

This action was instituted in the district court for Cedar county to recover attorney's fees. At the conclusion of

the trial the court directed a verdict in favor of the defendants and entered judgment thereon.    Plaintiff appeals.

The record shows that on October 20, 1904, August Huwaldt and Minnie, his wife, sold a quarter section of land, in Pierce county, to the defendant J. L. Chapman, and executed and delivered to him a deed in the usual form of a warranty deed, except that in the general warranty clause the word "whomsoever" was erased and there were substituted therefor the words "claiming by, through or under us."    Chapman entered into possession of the land under this deed, and on February 24, 1905, conveyed the same by a deed of general warranty to defendant Mosher. Mosher entered into possession, but on February 11, 1907, was ousted.    In his petition plaintiff alleges that on January 9, 1908, the defendants entered into a contract with him by the terms of which plaintiff agreed to prosecute in a suit or suits at law "a certain claim of the defendant Sir William Mosher, in which the defendant, Joseph Lamont Chapman, had a pecuniary interest, against one August Huwaldt and one Minnie Huwaldt; that, by the terms of said contract, the plaintiff was to receive the amount of 25 per cent. of the sum recovered, either by suit or compromise, and the plaintiff was to be consulted before any compromise should be made; that said claim against said August Huwaldt and Minnie Huwaldt was founded upon a breach of covenant in the terms of a certain warranty deed; that by the terms of said oral contract between the plaintiff and defendants, the defendants agreed to pay all costs and personal expenses of the plaintiff incurred in such prosecution."    Plaintiff then alleges that under his employment he commenced in the district court for Cedar county an action against the Huwaldts, in which, it appears from a copy of the petition, defendant Mosher was made the sole plaintiff.    That action was subsequently dismissed by the district court for want of jurisdiction, and on appeal to this court the judgment of the district court was affirmed.    *Mosher v. Huwaldt,* 86 Neb. 686. Some correspondence then passed between plaintiff and

the defendants as to the commencement of another action in Pierce county where service could be obtained upon the Huwaldts. The petition alleges that thereupon plaintiff prepared a petition to be filed in Pierce county and sent the same to the defendants by United States mail, postage prepaid, for filing in Pierce county; that since that time defendants have refused to correspond or confer with plaintiff, and have discharged plaintiff from their employment without sufficient cause; that plaintiff is not informed, and consequently is unable to aver, whether or not the matter in which he was employed has been compromised or abandoned, but that plaintiff has been at all times ready and willing to perform everything on his part to be performed under his contract of employment, and that if the matter in which he was employed had been prosecuted to a final termination the defendants would have recovered the full amount sued for in their suit, amounting to $5,175.39, and that the amount of plaintiff's contingent fee would be $1,293.85. The petition also avers that the services performed by plaintiff are reasonably worth the sum of $1,293.85.

The petition which plaintiff prepared for filing in Pierce county was also prepared with defendant Mosher as the sole plaintiff, and against the Huwaldts. It alleges the deed from the Huwaldts to Chapman, and only pleads the covenant: "And we do hereby covenant with the said J. L. Chapman and his heirs and assigns that we are lawfully seized of said premises, that they are free from incumbrances, that we have good right and lawful authority to sell the same"—then alleges possession taken by Chapman, the sale by him to defendant Mosher, and that on February 11, 1907, defendant Mosher was "ousted and dispossessed of said premises by due course of law, it appearing that the said defendants did not have a good and sufficient title to said premises at the time they executed and delivered said deed to said Joseph L. Chapman." It will be seen that we are not advised as to the precise ground upon which defendant Mosher was ousted, but it

Bryant v. Mosher.

does appear, in the paragraph just above quoted from the petition prepared for filing in Pierce county, that defendant Mosher was ousted by due course of law, "it appearing that the said defendants (the Huwaldts) did not have a good and sufficient title to said premises at the time they executed and delivered said deed to said Joseph L. Chapman." If so, then the covenant in the deed, which plaintiff set out, was broken at the time of the conveyance. That being true, the obligation was merely personal, limited to the parties to the covenant, viz., the Huwaldts and Chapman, and conferred no right of action on Mosher, who was a subsequent purchaser. *Chapman v. Kimball,* 7 Neb. 399. The petition prepared for filing in Pierce county was verified August 10, 1910, which was more than five years after the conveyance from the Huwaldts to Chapman. In *Webb v. Wheeler,* 80 Neb. 438, we held: "A covenant in a deed that 'I hold said premises by good and perfect title,' if untrue, is broken when made, and right of action at once accrues thereon." Without pursuing the matter further, it seems to us plain that if the petition referred to had been filed in Pierce county it would have been demurrable on two substantial grounds appearing upon the face of the petition: (1) That Mr. Mosher had no right to maintain the action; and (2) that, even if it had been prosecuted by Chapman, it was barred by the statute of limitations. It is also clear that the defendants never recovered anything as the result of the services performed by plaintiff, which by the terms of their oral contract would alone constitute a right to recover for such services. In short, we are unable to discover any theory upon which plaintiff can recover.

AFFIRMED.