RUDOLPH BLUM, APPELLANT, V. CHRIST F. VOSS ET AL., APPELLEES.

297 N. W. 84

FILED MARCH 21, 1941. No. 30969.

*Paul I. Manhart* and *Dewey Hanson,* for appellant.

*Gross & Crawford* and *James J. Gleason, contra.*

Heard before ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is a suit in the nature of a creditor's bill to cancel a series of deeds to a 120-acre farm in Sarpy county near Chalco and to subject the real estate conveyed to the payment of a judgment on the ground that the deeds were fraudulent conveyances executed by grantors with the intent to defraud the judgment creditor, within the meaning of the statute declaring such conveyances void. Comp. St. 1929, sec. 36-401.

On a 1,000-dollar note dated April 28, 1931, maturing April 28, 1932, and bearing 8 per cent. interest until due and 10 per cent. interest thereafter until paid, Rudolph Blum, payee, brought an action in the district court for Douglas county February 24, 1936, and recovered February 15, 1937, a judgment for $1,475 against the maker, Christ F. Voss. A transcript of this judgment was filed in the office of the clerk of the district court for Sarpy county February 23, 1937, and an execution was issued thereon the same day and returned *nulla bona* March 2, 1937.

Christ F. Voss held the legal title to the farm November 10, 1932, when it was encumbered by a 12,000-dollar mortgage subject to foreclosure for nonpayment of delinquent instalments of debt and for failure of mortgagor to pay interest and taxes. Rudolph Blum, judgment creditor and plaintiff in equity herein, alleged that the following conveyances of title were executed by the grantors without consideration with intent to defraud the debtor's creditors of their rights; November 10, 1932, warranty deed from Christ F. Voss and wife to their daughter, Hazel M. Nelsen, for the recited consideration of one dollar and love and affection, an instrument recorded November 12, 1932; January 9, 1933, quitclaim deed from Hazel M. Nelsen and husband, Marinus Nelsen, to Fred H. Voss, brother of Hazel M. Nelsen, for the recited consideration of one dollar, an instrument recorded January 16, 1933; January 14, 1933, quitclaim deed from Christ F. Voss and wife to Fred H. Voss, for the recited consideration of one dollar and other valuable consideration, an instrument recorded Feb-

ruary 6, 1935; April 23, 1935, quitclaim deed from Fred H. Voss and wife to Blanche M. Voss, for the recited consideration of one dollar and other valuable consideration, an instrument recorded April 23, 1935.

The defendants herein are Christ F. Voss, Hazel M. Nelsen, Marinus Nelsen, Fred H. Voss and Blanche M. Voss. The fraud and the intent to defraud pleaded in the petition were denied in answers alleging good faith of defendants in their transactions with each other and laches barring the equitable relief sought by plaintiff. Upon a trial of the cause the district court found the issues in favor of defendants and dismissed the suit. Plaintiff appealed.

Plaintiff insists on appeal that he made a case for equitable relief by reliance on the presumption of fraud and of fraudulent intent arising from the conveyance of grantors to relatives; by evidence of the unpaid debt owing by the initial grantor to plaintiff; by insufficient proofs of considerations for the deeds purporting to convey title; by interference with the right of the judgment creditor to levy on and sell the land under the execution; by reliance on the land as security for the note without knowledge of the deeds.

Defendants rely for affirmance of the judgment dismissing the suit on evidence overthrowing any presumption of fraud or of fraudulent intent; on evidence of the sufficiency of the considerations for the transfers of title; on evidence of good faith in the transactions without knowledge of the unpaid debt evidenced by the 1,000-dollar note and by the judgment thereon. In addition defendants argue that plaintiff's cause of action is barred by laches.

If laches is a complete defense, the proper decision may be reached on appeal without determining other controverted issues. In equity mere lapse of time less than the period fixed by the statute of limitations may not alone bar a suit by a creditor to set aside a debtor's fraudulent conveyance of land, where rights and obligations of the parties remain unchanged and the fraud undiscovered, but a creditor's inexcusable delay in commencing proceedings neces-

sary to the setting aside of a debtor's deed to land as fraudulent, though less than the time fixed by the statute of limitations, may bar such relief, where, in the meantime, a grantee of the debtor was in possession of the land without knowledge of the creditor's claim and discharged a mortgage and other liens on the land. The circumstances and conditions under which a creditor delays action to enforce his claim against a debtor are material inquiries in determining the issues of laches. 27 C. J. 764; 4 Pomeroy, Equity Jurisprudence (4th ed.) sec. 1442; *Montgomery v. Gardner*, 71 Atl. (R. I.) 67; *Coyne v. Sayre*, 54 N. J. Eq. 702, 36 Atl. 96; *Dakota Trust Co. v. Headland*, 57 N. Dak. 810, 224 N. W. 220.

Plaintiff accepted the 1,000-dollar note of Christ F. Voss April 28, 1931. It fell due April 28, 1932, but no legal action to enforce payment was commenced until February 24, 1936. Judgment on the note was recovered in the district court for Douglas county February 15, 1937. He testified he relied on the Voss land as security for the note; thought the land was clear; had not searched the records and did not know of the 12,000-dollar mortgage or of the deeds in question until January 22, 1935. Overwhelming evidence, however, is to the contrary. He resided in Chalco, Sarpy county, January 22, 1935, and had been managing officer of a bank there for many years. Christ F. Voss owed the bank $2,000 on a note and plaintiff was directed by the banking department to take it out of the assets as unbankable paper. Instead of the note for $2,000, plaintiff took a new note in his own name for $1,000 and a new note payable to the bank for the same amount, both signed by Christ F. Voss. Plaintiff's unpaid judgment is based on the first of these two notes. The official discrediting of the original note suggested an inquiry into the maker's solvency. If plaintiff then thought the farm was unencumbered, his sagacity as a banker would naturally have prompted him to demand a mortgage on the Voss land or other security or to seek prompt relief in law or equity. No such steps were taken. He delayed legal action until February

24, 1936, though he owned land in the immediate neighborhood of the Voss farm and resided near it. Blanche M. Voss, the last of the grantees named in the series of deeds assailed by plaintiff as fraudulent, resided with her husband on the Voss farm continuously during all their married life—a period of 19 years. This possession was notice to the world of the possessors' rights in the land. *Draper v. Taylor,* 58 Neb. 787, 79 N. W. 709. The possession included notice of all interests of which inquiry of those in possession would elicit knowledge. *Dengler v. Fowler,* 94 Neb. 621, 143 N. W. 944. The deeds and the mortgage on the land were disclosed by the public records. Such readily available means of knowledge were in equity the same as knowledge itself. 27 C. J. 764. Plaintiff did not excuse delays or defeat the operation of laches by testifying to lack of knowledge he was bound to ascertain. The evidence does not show that he was misled or deceived by defendants into sleeping on his rights.

Blanche M. Voss testified that she accepted her deed relying on her title without knowledge of the debt evidenced by the note held by plaintiff; that she acted in good faith in her transactions and did not intend to defraud plaintiff or any other creditor of the debtor. The circumstances indicate the truth of her testimony. The evidence proves that, during the delay of plaintiff in asserting his claim, in making his charges of fraud and in bringing his suits, Blanche M. Voss, in possession of the land, relying upon her title without knowledge of his claim, procured the satisfaction and cancelation of the 12,000-dollar mortgage by payments amounting to $4,800 from her own funds and from the proceeds of two new mortgages executed by her on the same land, one for $2,500 and one for $5,000. After an examination of the evidence from every standpoint, the conclusion is that the relief in equity sought by plaintiff is barred by laches.

AFFIRMED.