GRAND ISLAND HOTEL CORPORATION, A CORPORATION, APPELLANT AND CROSS-APPELLEE, V. SECOND ISLAND DEVELOPMENT COMPANY, A CORPORATION, APPELLEE AND CROSS-APPELLEE, BOSS HOTELS COMPANY, A CORPORATION, APPELLEE AND CROSS-APPELLANT.

214 N. W. 2d 253

Filed January 11, 1974. No. 39084.

Luebs, Tracy, Huebner, Dowding & Beltzer and D. Steven Leininger, for appellant.

Gerald B. Beuchler, for appellee Boss Hotels Co.

Cunningham, Blackburn & Von Seggern, for appellee Second Island Development Co.

Heard before WHITE, C. J., McCOWN, and NEWTON, JJ., and LYNCH and WARREN, District Judges.

McCOWN, J.

This is an action by plaintiff, Grand Island Hotel Corporation, against the defendants, Boss Hotels Company and Second Island Development Company, to recover the cost of acquiring the outstanding leasehold interest of a prior lessee of a portion of the premises identified as the Yancey Hotel in Grand Island, Nebraska. Plaintiff's cause of action is based upon breach of covenants under a lease and a warranty deed. The District Court dismissed plaintiff's causes of action against both defendants. Plaintiff has appealed and defendant, Boss Hotels Company, has cross-appealed.

Most of the facts are stipulated. The defendant, Boss Hotels Company, for some years owned the property in Grand Island, Nebraska, commonly referred to as the Yancey Hotel. Boss sold the hotel property to the de-

fendant, Second Island Development Company, and on June 30, 1968, executed a warranty deed to the property naming Second Island as grantee. The deed contained standard covenants under which Boss, as grantor, covenanted "with the grantee and with grantee's heirs and assigns that grantor is lawfully seised of said premises; that they are free from encumbrance (except two designated mortgages); that grantor has good right and lawful authority to convey the same; and that grantor warrants and will defend the title to said premises against the lawful claims of all persons whosoever."

The plaintiff, Grand Island Corporation, commenced operation of the Yancey Hotel on July 1, 1968, under an arrangement with Second Island Development Company and Boss did not operate the hotel for any purpose after July 1, 1968.

On April 30, 1969, Second Island, as lessor, executed a written lease with Grand Island, as lessee, covering the entire Yancey Hotel property. The lease agreement provided that it was retroactive to the 1st day of July 1968, and the lease was for a term of 25 years ending June 30, 1993.

Second Island, as grantor, "demised and leased" the real estate described. The habendum clause covered the buildings and improvements and "the rights, privileges and appurtenances thereunto belonging or appertaining * * *." The lease agreement contained no specific covenant or warranty of quiet enjoyment by the lessor. It did contain a provision that "Lessee has examined the demised premises and agrees that no statement, representation, or promise with reference to the demised premises has been made that is not contained in this instrument."

In December 1961, while it was the owner and operator of the Yancey Hotel, the defendant, Boss Hotels Company, as lessor, had executed a written lease with

Mrs. Vera Coons, as lessee, covering some space in the Yancey Hotel. The leased portion was on the street floor level of the Yancey Hotel building and Mrs. Coons owned and operated a beauty shop on these premises. She continued to own and operate the beauty shop and was in possession of the premises at all times relevant here. Mrs. Coons' lease with Boss commenced on January 1, 1962, and was for a period of 10 years. The lease was not recorded in the office of the register of deeds of Hall County.

The Coons lease was prepared by Boss. It was on a form containing 31 printed paragraphs, and some typed additions. Three of the printed paragraphs and a portion of a fourth had been deleted by lining through the printed language. Paragraph No. 12 was one of these. It provided: "In the event of the sale of said property, or if possession thereof shall be required for the purpose of more permanently improving, altering or remodeling the building on said premises or any part thereof, or if possession shall be required so as to enable lessor to lease said premises for a term of more than five years or in case said premises shall be condemned for public purposes, then lessee agrees to vacate and surrender possession of said premises within thirty (30) days after notice in writing to quit."

Vera Coons' attorney testified that the deletions had been recommended by him previously, and that the deletions were on both copies of the lease at the time Mrs. Coons signed it. The officer of Boss Hotels who signed two copies of the lease in Des Moines, Iowa, testified that he did not make the deletions and that they were not made in his presence. Mrs. Coons' copy of the lease was introduced in evidence. Boss did not produce any other copy. The secretary of Boss Hotels Company testified that he was unable to find its copy of the lease or anything pertaining to it.

Prior to May 1, 1969, although Mrs. Coons was in

possession, neither the plaintiff nor the defendant, Second Island, had actual knowledge of the lease from Boss to Vera Coons. Plaintiff did not make any inquiries of Vera Coons as to the conditions of her occupancy prior to April 30, 1969. After plaintiff discovered the written lease, Vera Coons refused to move her beauty shop on demand based upon her written lease agreement with Boss. Plaintiff was kept out of possession until an agreement was reached between Vera Coons and the plaintiff to move the beauty shop to a new location in the basement of the hotel in the summer of 1969. After the lease to Vera Coons was discovered by defendant Second Island and the plaintiff, demand was made by them on the defendant, Boss Hotels Company, to pay the cost of purchasing the lease and defendant Boss refused. Thereafter, plaintiff expended a total sum of $6,998.40 to remodel space in the basement of the hotel and to move Vera Coons and relocate her business. It is stipulated that the cost was fair and reasonable and that because remodeling and renovation of the hotel had begun, substantially greater expense would have been required to permit the beauty shop to remain in its former location. It was also stipulated that in the event of a judgment in favor of plaintiff and against the defendant Boss, the amount should be $6,998.40.

A jury was waived and the case was tried to the court. The District Court found that the lease agreement between defendant Boss Hotels Company and Vera Coons contained no recordable legal description; was not acknowledged and was not recorded or recordable; and was void as to defendant Second Island Development Company. The court also found that plaintiff was on notice that Vera Coons was in possession of a portion of the premises under some claim of right; that notwithstanding this fact, plaintiff accepted a lease agreement which contains no provisions as to tenants

in possession and provides no recourse for plaintiff. Based on those findings, the court found the plaintiff had no cause of action against the defendants or either of them and dismissed the action against both.

A critical foundation issue here is whether or not the lease of the beauty shop premises to Mrs. Coons was a valid subsisting 10-year lease and therefore paramount to the interests of both plaintiff and Second Island, and also whether or not the deleted lease provision authorizing its termination on 30-days written notice was effective. The District Court made no specific finding as to the validity or provisions of this lease as between the parties to it, but found only that it had not been recorded and was not recordable because of a lack of recordable legal description and an acknowledgement, and for those reasons found it void as to Second Island. It was not necessary for the lease to be acknowledged in order for it to be good as between the parties. Martin v. Martin, 76 Neb. 335, 107 N. W. 580. Neither was it necessary for the lease to be recorded to take effect against a subsequent purchaser with notice. See § 76-238, R. R. S. 1943.

The facts as to the Coons lease are persuasive and the evidence is not in substantial dispute except as to the deleted portion of paragraph No. 12. The evidence establishes that the signatures of both parties are authentic and that the term of the lease was for 10 years beginning January 1, 1962. The only issue which is inferentially in conflict is whether or not the 30-day termination clause in event of a sale had been deleted before or after the lease was executed and delivered. On that score, the evidence by Mrs. Coons' attorney is uncontradicted that the deletion had been made at the time Mrs. Coons executed the lease copies. The evidence of the corporate officer who executed the lease for Boss was that at the time he signed the lease he did not make the deletions nor were they made in his

presence and that he did not know who made them. He did not testify as to whether Mrs. Coons' signature was on the lease copies at the time he signed them or not. He did testify that under general procedure of Boss Hotels Company a lease would ordinarily be signed by the lessee first and then returned to Boss for the lessor's signature. He also testified that the two copies he signed were forwarded to the manager of the Yancey Hotel in Grand Island and that he was authorized to deliver a copy to Mrs. Coons. Objections were sustained to a question as to whether the manager of the hotel had any authority to make any alterations. No copy of the lease without the deletions was ever produced by anyone.

Where a written instrument shows on its face a material and obvious alteration, the presumption of law is that such alteration was made before the instrument was finally executed and delivered. Collins v. Hughes & Riddle, 134 Neb. 380, 278 N. W. 888. In the absence of any evidence, that presumption would compel a finding that the deletion was made before the lease was finally executed and delivered. The evidence here compels such a finding beyond serious question, and establishes the validity of the paramount interest of Mrs. Coons in the beauty shop premises.

Although the 10-year lease of the beauty shop was not recorded, neither the plaintiff nor Second Island can be treated as purchasers in good faith without notice under the recording statutes in view of the actual possession and operation of the beauty shop by Mrs. Coons at all the times relevant here. A purchaser is charged with notice of a tenant's right when the latter is in actual possession of the real estate at the time it is sold. Ogden v. Garrison, 82 Neb. 302, 117 N. W. 714. Possession of the land is notice to the world of the possessor's rights therein and of all possessory interests of which inquiry of the possessor would elicit knowledge.

Blum v. Voss, 139 Neb. 233, 297 N. W. 84.

Under the facts here, the lease of the beauty shop to Mrs. Coons created a legal interest in that portion of the Yancey Hotel property paramount to the interests of either the plaintiff or Second Island. Section 76-207, R. R. S. 1943, provides: "Covenants of quiet enjoyment and covenants of warranty in conveyances of real property may be breached by an eviction, actual or constructive, by reason of the hostile assertion of a paramount title holder. A constructive eviction occurs in the following situations: (1) Where the covenantee is kept out of possession by the paramount title holder; (2) where the covenantee surrenders possession to the paramount title holder; and (3) where the covenantee in order to retain possession is forced to and buys off the paramount title holder."

The covenants of warranty and title contained in the deed from Boss Hotels Company to Second Island Development Company were breached by the existence of the paramount interest of Mrs. Coons under the beauty shop lease. The trial court inferentially determined that even though Second Island might have an action against Boss for breach of the covenants in the deed, the plaintiff had no cause of action against Boss since it was not a party to the deed. The trial court also determined that plaintiff's lease agreement with Second Island contained no provisions as to tenants in possession and provided no recourse for plaintiff against Second Island. The execution of a lease of real estate ordinarily raises an implied covenant that the lessee shall have the quiet and peaceable possession and enjoyment of the leased premises as against anyone asserting a title paramount to the lessor unless there is some express covenant of a more limited character inconsistent with such a covenant. Nevertheless, that issue becomes immaterial if the plaintiff is in position to enforce the covenants contained in the deed by Boss to Second Island.

At common law, a breach of covenants for title occurring at the time of the conveyance was personal to the grantee and conveyed no right of action to a subsequent purchaser. See Bryant v. Mosher, 96 Neb. 555, 148 N. W. 329. That rule was changed by statute in Nebraska in 1923. Section 76-208, R. R. S. 1943, provides in part: "Unless such intention is expressly negatived by the language in the instrument, all covenants for title in conveyances of real property, including covenants of seisin, right to convey, freedom from encumbrances, quiet enjoyment, and warranty, when made with the grantee, run with the land and are enforceable by any assignee thereof, immediate or remote, by a suit in his own name; Provided, however, that the ultimate damage occasioned by a breach of the covenant on which suit is brought has not occurred prior to the assignment to such assignee."

The critical issue here is whether a lessee under a 25-year lease from the grantee is an "assignee" within the meaning of the statute. The defendant Boss contends that covenants such as this run only with the legal title to the land and relies upon the case of Wallace v. Pereles, 109 Wis. 316, 85 N. W. 371. In that case the court held that the owner of the equitable interest in the land, who lacked any possessory interest, could not convey such a possessory interest. The court therefore held that grantees from her could not enforce any real covenant against her grantor. The case is not applicable here.

The case of Brockmeyer v. Sanitary District of Chicago, 118 Ill. App. 49, is in point. In that case the plaintiff was a lessee and the defendant contended that plaintiff was not a party to the deed and could not sue with respect to a duty due under the deed. The court held that the plaintiff was an assignee of the land for the benefit of which the covenant was made and therefore a privy in estate and said: "The plaintiff, being

lessee of the land, is an assignee, within the meaning of the law."

Black's law dictionary defines an assignment as: "A transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein."

The breach of the covenants involved in this case directly involved the possessory interests and title. The whole of the possessory interests were transferred by Second Island to the plaintiff for a period of 25 years. Under the lease agreement the lessor "demised and leased" the real estate, and the habendum clause covered the real estate and improvements "and the rights, privileges and appurtenances thereunto belonging or appertaining * * * for and during the term of 25 years * * *." There can be no doubt that plaintiff held the whole of the possessory title and interests in the Yancey Hotel property. We hold that a lessee of real estate under a written lease for a term of 25 years, notice of which is duly recorded, is an "assignee" within the meaning of section 76-208, R. R. S. 1943, and may enforce covenants of title involving possessory rights contained in a prior conveyance of the real estate to his lessor.

The defendant Boss Hotels Company in its contingent cross-appeal contends that its special appearance should have been sustained. It argues that it was not "doing business" in the state at the time this suit was filed. The cause of action here arose from "having an interest in, using or possessing real property in this state" and the covenants were made as to its property at a time when Boss was transacting business in this state. See § 25-536, R. S. Supp., 1972. The action of the District Court in overruling the special appearance was correct.

The judgment of the District Court is reversed and the cause remanded with directions to enter judgment in favor of plaintiff and against the defendant Boss

Hotels Company, a corporation, in the sum of $6,998.40.
REVERSED AND REMANDED WITH DIRECTIONS.